In the Matter of Patrick M. SCHREMS, Respondent.

No. 53S00–0901–DI–35.

Supreme Court of Indiana.

Sept. 26, 2014.

*PUBLISHED ORDER EXTENDING PROBATION FOR TWO YEARS*

On March 11, 2010, the Court approved a conditional agreement and imposed a six-month suspension without automatic reinstatement, effective April 22, 2010. Respondent filed a petition for reinstatement on June 7, 2011, and this Court entered an order on August 30, 2012, conditionally reinstating Respondent subject to probation for a period of no less than two years. The terms and conditions of probation included:

- Respondent shall implement a plan for office and time management with the assistance of an assisting attorney and a professional in office and time management.

- Respondent shall meet regularly with the assisting attorney to monitor the implementation of and compliance with the plan for office and time management.

- If Respondent violates his probation, the Commission may petition to revoke his probation and request his suspension be re-imposed without automatic reinstatement.

Because Respondent was not working as an attorney at the time of his reinstatement, the parties agreed that Respondent would "notify the Disciplinary Commission of his return to the practice of law within a week of his doing so," and "provide the Commission with an office and time management plan and the identity of his assisting attorney within 45 days of resuming the practice of law."

On July 1, 2014, the Commission filed a verified motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2)(a), asserting Respondent violated the conditions of probation. Specifically, the Commission reports that it recently discovered that Respondent was practicing law at least as early as January 9, 2013, when he entered an appearance on behalf of a criminal defendant. Respondent had failed to notify the Commission of his return to practice and had not complied with the terms of his probation requiring a time management plan and an assisting attorney.

In response, Respondent says that he has begun a limited part-time practice with cases accepted with consultation with his Indiana Judges and Lawyers Assistance Program monitor, who has assisted him with time management counseling. Respondent admits that he "mistakenly, and without excuse, thought that he was to make notification if he returned to the full-time practice of law."

The Court finds the terms of Respondent's probation, as modified by the parties' agreement, to be unambiguous and his noncompliance to be inexcusable. Nevertheless, under the circumstances, the Court concludes that an extension of Respondent's probation, rather than its revocation, is the more appropriate remedy.

Being duly advised, the Court DENIES the motion to revoke Respondent's probation and instead **extends Respondent's probation for a period of an additional two years, beginning on the date of this order.** The Court expects strict compliance with terms of Respondent's probation, and any violation may result in revocation of probation and suspension without automatic reinstatement.

The Court directs the Clerk to serve a copy of this Order upon Respondent and

the Executive Secretary by personal service or by certified mail return receipt requested. The Court further directs the Clerk to forward a copy of this Order and to all entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except RUSH, C.J., who did not participate.